Case 1:19-cr-00045-SEB-DLP   Document 57   Filed 01/16/25   Page 1 of 4 PageID #: 273

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America )<br>v. )<br>ERWIN PILGRIM )<br> )<br>Date of Original Judgment: 01/27/2020 )<br>Date of Previous Amended Judgment: )<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:19-cr-00045-SEB-DLP-1<br>USM No: 16973-028<br><br>_____<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 01/27/2020 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 01/16/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 1:19-cr-00045-SEB-DLP |
| ERWIN PILGRIM, | ) ) -01 |
| Defendant. | ) ) |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Erwin Pilgrim's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkt. 48] and supplemental motion [Dkt. 54]. The Government has filed its response in opposition to the motion [Dkt. 56].

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Petitioner pled guilty and was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1). The Government's explication of his guideline computation is accurate as included in its Response in Opposition (pp 2, 3), which we adopt and incorporate herein by reference. Based on his total offense level of 25 and criminal history category of VI, his guideline range was 110-137 months (reduced to 110-120 months to reflect the statutory maximum sentence of ten years.) He was sentenced to a term of 119 months. His release date is currently set for November 11, 2030.

Pursuant to the two-step inquiry prescribed in *Dillon v. U.S.*, 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), a reduction is not authorized if the amendment does not have the effect of lowering the defendant's applicable guideline range. That is the situation here: the changes effectuated by Amendment 821 to the Guidelines would not reduce his original guidelines. Stated otherwise, to qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Part A of Amendment 821 altered the status points provision regarding the criminal history (USSG § 4A1.1(e)), directing that a person who had seven criminal history points or more should receive only one additional status criminal history point, instead of the original two; a person who had six criminal history points or fewer receives no status points.

Petitioner Pilgrim had received two status points. Under Part A, he would receive only one. However, his total criminal history points, though decreased from twenty to nineteen, would remain Category VI, since Category VI applies to anyone with thirteen or more criminal history points. Petitioner's criminal history score of nineteen leaves him in Criminal History Category VI; his guidelines do not change. Accordingly, the Amendment does not impact his overall sentence. We say again: to be eligible for relief, the sentencing range must be lowered by the applicable amendment. Because it is not lowered, he is ineligible, and his motion for reduction of sentence must be **DENIED**.

IT IS SO ORDERED.

Date: 1/16/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of Record via CM/ECF

Erwin Pilgrim #16973-028
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351